**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 25-210** |
| **CHERIKAH ROBERSON** | **SECTION: N** |

## ORDER

Before the Court are the government's Motion *in Limine* to Deem Authentic and Admissible Business Records[1] and an amended motion in which the government provides an amended chart of records subject to its motion.[2] The Court heard argument on the motion on July 28, 2026, and ordered[3] that any response by Defendant Cherikah Roberson be filed by Friday, August 7, 2026. Roberson has not filed a response. After careful consideration of the government's memoranda, the parties' oral arguments, the record, and the applicable law, the Court **GRANTS** the motion as amended.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Cherikah Roberson was indicted on August 14, 2025, for conspiracy to commit wire fraud, wire fraud, false statements, and theft of government funds arising out of alleged schemes to defraud the Small Business Administration and other financial institutions supporting the Paycheck Protection Program, Kentucky's Office of Unemployment Insurance, and the Federal Emergency Management

---

[1] Rec. Doc. 50.
[2] Rec. Doc. 59.
[3] Rec. Doc. 60.

Agency.[4] As permitted by Federal Rule of Evidence 104, the government requests a preliminary determination that certain records are admissible as business records under the exception to hearsay set forth in Rule 803(6).[5] Subject to the motion are documents provided by various financial institutions and a social media platform, among other business entities, that the government anticipates introducing at trial.[6] With its motion, the government provided certifications from custodians of these records, filed under seal, and provided copies of the records to the Court and defendant.[7]

## II.    LEGAL STANDARD

### A. Authenticity via Certifications

Rule 803 of the Federal Rules of Evidence sets forth a number of exceptions to the evidentiary rule against hearsay that apply "regardless of whether the declarant is available as a witness." Under Rule 803(6), a "record of an act, event, condition, opinion, or diagnosis" is not excluded if

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

---

[4] Rec. Doc. 1.
[5] Rec. Doc. 50-1 at p.1; Rec. Doc. 59 at p. 1.
[6] Rec. Doc. 59-1 at p.1.
[7] Rec. Doc. 51-2.

Further, Rule 902 enumerates items of evidence that are "self-authenticating" and thus "require no extrinsic evidence of authenticity in order to be admitted."[8] Such items include certified domestic records of a regularly conducted activity, certified records generated by an electronic process or system, and certified data copied from an electronic device, storage medium, or file.[9] The introduction of these types of records require a "certification of the custodian or another qualified person," and "the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."[10] The records must also meet the requirements of Rule 803(6)(A)-(C). Once these requirements are met, "valid 902(11) certificates are sufficient for admissibility" without additional authentication.[11]

## III.    ANALYSIS

The government seeks a determination that the following are authentic and admissible business records: records from Harvest Small Business Finance, LLC, South Louisiana Bank, Bank of America, Blueacorn, Block, Liberty SBF Holdings, LLC, Stride Bank, Current, T-Mobile, Google, Yahoo, Facebook, and the Louisiana Secretary of State.[12] The government filed a certificate of authenticity from each of these custodians for the records subject to its motion.[13]

---

[8] Fed. R. Evid. 902.
[9] *See, e.g.*, Fed. R. Evid. 902(11), (13), (14).
[10] Fed. R. Evid. 902(11). *See also* Fed. R. Evid. 902(13), (14).
[11] *United States v. Age*, 136 F. 4th 193, 226 (5th Cir. 2025).
[12] Rec. Doc. 50.
[13] *Id.*

Because the records constitute self-authenticating records under Rule 902(11) and the certificates meet the requirements of Rule 803(6), the Court finds that the records are authentic and admissible.[14]

## IV.    CONCLUSION

**IT IS ORDERED** that the Motion *in Limine* to Deem Authentic and Admissible Business Records, as amended,[15] is **GRANTED.** The Court makes the following preliminary determinations of admissibility regarding authenticity and hearsay pursuant to Federal Rule of Evidence 104(a). Any proponent must nevertheless establish the relevance of any document before it is admitted, and all parties reserve objections under Federal Rule of Evidence 403.

**IT IS FURTHER ORDERED** that the original Motion *in Limine* to Authenticate and Deem Admissible Business Records by the Government [16] is **GRANTED.**

**IT IS FURTHER ORDERED** that records from the following entities are deemed authentic and admissible as records of regularly conducted activity. *See* Fed. R. Evid. 803(6), 902(11). Those entities and records are:

| Exhibit Number | Source Entity | Bates Number |
|---|---|---|
| 1 | Harvest Small Business Finance, LLC | 002915 – 003034; 006599 – 006600 |
| 2 | South Louisiana Bank | 005968 – 006230 |
| 3 | Bank of America | 000002 – 000186 |

---

[14] Rec. Doc. 59.

[15] Rec. Doc. 59.

[16] Rec. Doc. 50.

| 4 | Blueacorn | 000285 – 000859 |
|---|---|---|
| 5 | Block | 000187 – 000284 |
| 6 | Liberty SBF Holdings, LLC | 003090 – 003148; 006715 – 006717; 006718 – 006719 |
| 7 | Stride Bank | 006704 – 006712 |
| 8 | Current | 000879 – 000896; 006597 – 006598 |
| 9 | T-Mobile | 006231 – 006295 |
| 10 | Google | 002892 – 002914 |
| 11 | Yahoo | 006575 – 006596 |
| 12 | Facebook | 000001; 006601 |
| 13 | Louisiana Secretary of State | 006695 – 006703 |

New Orleans, Louisiana, August 12, 2026.


_____
ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE